IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JORGE RAMIREZ-GONZALEZ, | : | MOTION TO VACATE |
| BOP ID 64336-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:14-CV-2463-RWS-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:13-CR-17-1-RWS-ECS |

## FINAL REPORT AND RECOMMENDATION

In 2013, Jorge Ramirez-Gonzalez pled guilty to illegal re-entry into the United States by an aggravated felon, in violation of 8 U.S.C. § 1326(a) and (b)(2). See United States v. Gonzalez-Ramirez, No. 13-13703, 2014 U.S. App. LEXIS 11730, *1 (11th Cir. June 23, 2014). Mr. Ramirez-Gonzalez's base offense level was enhanced "by 16 levels pursuant to U.S.S.G. §2L1.2(b)(1)(A)(2) based on his 2006 conviction in Georgia for enticing a child for indecent purposes, in violation of O.C.G.A. § 16-6-5(a)." Id. "At sentencing, the District Court . . . granted a downward variance and sentenced [Ramirez-Gonzalez] to a prison term of 54 months." Id. at *1-2.

On appeal, Mr. Ramirez-Gonzalez argued "first, that the District Court erred in finding that his O.C.G.A. § 16-6-5(a) conviction qualified as 'sexual abuse of a minor' [under U.S.S.G. §2L1.2(b)(1)(A)(2)] and enhancing his base offense level by sixteen levels, and, second, that his sentence was substantively

unreasonable." Id. at *2.  The United States Court of Appeals for the Eleventh Circuit considered both of these arguments de novo and rejected them.  Id. at passim.

This matter is now before the Court on Mr. Ramirez-Gonzalez's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  See [Doc. No. 37].  Mr. Ramirez-Gonzalez raises two grounds for relief.

Mr. Ramirez-Gonzalez claims, first, that "Defense Counsel failed to attack an illegal enhancement of 16-level 'crime of violence.'"  See [id. at 4].  This argument is contradicted by the record of proceedings in this case.  Defense counsel vigorously and thoroughly contested the application of U.S.S.G. §2L1.2(b)(1)(A)(2) before both the district court and the Eleventh Circuit.  See [Doc. Nos. 16 & 21 (sentencing memoranda filed on behalf of Mr. Ramirez-Gonzalez)]; [Doc. Nos. 34 & 35 (sentencing hearing transcripts of June 28, 2013, and July 31, 2013)]; Ramirez-Gonzalez, 2014 U.S. App. LEXIS 11730 at *2-9 passim.

Mr. Gonzalez-Ramirez's second claim is that his state conviction for enticing a child for indecent purposes does not qualify as a "crime of violence" for purposes of U.S.S.G. §2L1.2(b)(1)(A)(2).  See [Doc. No. 37 at 5].  This issue was decided adversely to Mr. Gonzalez-Ramirez on direct appeal.  See Ramirez-Gonzalez, 2014 U.S. App. LEXIS 11730 at *2-9.

2

Consequently, he may not now reargue it in a § 2255 motion. "Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under § 2255." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (citation and quotation marks omitted).

Because it "plainly appears from the motion . . . and the record of prior proceedings that [Mr. Ramirez-Gonzalez] is not entitled to relief," this Court is "required to dismiss the motion and direct the clerk to notify [Mr. Ramirez-Gonzalez]." 28 U.S.C. foll. § 2255, Rule 4. Accordingly, the undersigned **RECOMMENDS** that Mr. Ramirez-Gonzalez's § 2255 motion be **DISMISSED**.

Because Mr. Ramirez-Gonzalez does not meet the requisite standard for the issuance of a Certificate of Appealability ("CoA"), see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the undersigned further **RECOMMENDS** that a CoA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 6th day of August, 2014.


*E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

3