**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:13-CR-00017-RWS |
| JORGE RAMIREZ-GONZALEZ, | : | |
| | : | |
| Defendant. | : | |

**<u>ORDER</u>**

This case comes before the Court on Defendant's Motion to Vacate

Sentence [43].  After reviewing the record, the Court enters the following

Order.

In his motion, Defendant summarizes some of his previous arguments

made on his direct appeal and in his previous Motion to Vacate, Set Aside, or

Correct Sentence [37].  As Defendant notes, the Court of Appeals and this

Court previously rejected his arguments that (1) his defense counsel failed to

attack his 16-level sentence enhancement, and (2) his state conviction for

enticing a child for indecent purposes does not qualify as a "crime of violence"

for purposes of U.S.S.G. §2L1.2(b)(1)(A)(2).  (<u>See</u> Dkt. [36, 37].)

Defendant now asks for clemency, a reduced sentence, and expungement of his convictions.  First, the Court does not have the power to grant Defendant clemency.  Under the Constitution, only the President is granted the "Power to grant Reprieves and Pardons for Offences against the United States, except in cases of impeachment."  U.S. CONST. art. II § 2.

Second, the Court cannot grant Defendant his requested sentence reduction.  Generally, a court cannot modify a term of imprisonment once it has been imposed.  See 18 U.S.C. § 3582(c).  However, "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure" to correct a clear error or reduce a sentence for substantial assistance.  Id. § 3582(c)(1)(B).  In addition, Section 3582(c)(2) permits a court to reduce a defendant's sentence if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)" and such a reduction is consistent with policy statements issued by the Sentencing Commission.  18 U.S.C. §

3582(c)(2).  Defendant does not seek a reduction of his sentence on these bases.[1]  Therefore, the Court is not permitted to reduce Defendant's sentence.

Finally, Defendant moves for expungement of his convictions. Defendant appears to refer both to his federal conviction for unlawful entry of a deported alien and his state conviction for enticing a child for indecent purposes.  The Court's "power to expunge necessarily must be a narrow one." United States v. Johnson, 714 F. Supp. 522, 524 (S.D. Fla. 1989); see also Rogers v. Slaughter, 469 F.2d 1084, 1085 (5th Cir. 1972) (holding that "the Court's privilege to expunge matters of public record is one of exceedingly narrow scope").[2]  Courts have found expungement to be proper in five situations: (1) "when mass arrests render judicial determination of probable cause impossible"; (2) "when a court determines that the sole purpose of the arrest was to harass the defendant"; (3) "where the police misused the police records to the detriment of the defendant"; (4) "where the arrest was proper but was based upon a statute later declared unconstitutional"; and (5) "when the

---

[1]The Court notes that the Eleventh Circuit upheld Defendant's sentence as substantively reasonable.  (See Dkt. [36] at 11.)

[2]The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit decided before October 1, 1981.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

3

expungement of criminal records is necessary to preserve basic legal rights."

Johnson, 714 F. Supp. at 524; see also Hall v. Alabama, No. 2:09-cv-342-MHT, 2010 WL 582076, at *7-9 (M.D. Ala. Feb. 18, 2010) (providing an overview of various circuits' approaches to expungement).  In expunging state convictions, the former Fifth Circuit has ordered expungement "as a remedial measure for the state officials' misconduct" in a voting rights case in which state officials arrested blacks to prevent them from voting.  See United States v. McLeod, 385 F.2d 734, 750 (5th Cir. 1967).

After reviewing the record, the Court finds that Defendant is not entitled to expungement of his convictions.  There is no evidence that his situation falls into any of the above categories.  His convictions were not based on statutes later declared unconstitutional, nor was Defendant arrested solely for purposes of harassment.  Further, expungement of his state conviction is not necessary as a remedial measure for state officials' unconstitutional misconduct.

The Court recognizes that Defendant seeks the above relief because he "came to the United States to visit his children."  (Dkt. [43] at 3.)  But as explained above, the Court has no authority to grant clemency and finds no

4

justifiable basis to reduce Defendant's sentence or expunge his record.  For

these reasons, Defendant's Motion to Vacate Sentence [43] is **DENIED**.

      **SO ORDERED** this __6th__ day of April, 2015.


**RICHARD W. STORY**
United States District Judge